**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  4:16CR40008** |
| | ) | |
| **NATHAN KARL THOMAS** | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Assistant United States Attorney

Kyra Jenner, and for its Sentencing Memorandum states the following:

**INTRODUCTION**

The Defendant, Nathan Karl Thomas, pled guilty on March 31, 2016, to a two-count

Information that charged him with violating 18 U.S.C. § 2252(a)(2), receipt of child pornography.

The United States Probation Office filed its initial Presentence Investigation Report

("PSR") on July 29, 2016.  The Government filed one objection.  The Government's sole objection

was satisfied in the final PSR released on December 20, 2016.  As discussed within this Sentencing

Memorandum, the Government failed to timely file an objection to the PSR's application of the

two-level enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F).  The Government will

seek permission to file an untimely objection to the PSR's application of the two-level

enhancement for distribution.  The five-level enhancement for distribution to a minor is applicable

here where the Defendant knowingly distributed child pornography images to a minor.  (PSR, ¶¶

37, 54).   The application of the five-level enhancement for distribution to a minor requires

recalculating the Defendant's offense level under U.S.S.G. § 2G2.2, which will result in an offense

level greater than that calculated by using the cross reference to U.S.S.G. § 2G2.1.

1

The Defendant filed twelve objections to the initial PSR that remain outstanding. The Government contends the Defendant's objections number one, two, three, four, five, six, eight, ten, and twelve challenge factual content in the PSR. For example, the Court must hear evidence and make a factual finding[1] before it can rule on the Defendant's objection that his conduct caused a minor, E.A., to engage in sexually explicit conduct for the purpose of producing a visual depiction (objection number four to PSR, ¶ 70), and the objection to the application of the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor (objection number eight to PSR, ¶ 88). The Government will call four witnesses at the sentencing hearing to provide evidence supporting the factual content in the PSR that remains in dispute.

The Defendant's objection number eleven pertains to the final calculation of the advisory guideline range. The Government agrees that the total offense level calculation is in error. The Government believes the five-level enhancement for distribution of child pornography to a minor was incorrectly excluded in the computation of the total offense level.

The Defendant's remaining two objections, numbers seven and nine, are legal arguments addressed herein.

The PSR calculated the Defendant's total advisory guideline range was 324 to 405 months imprisonment. Based upon the authorities and argument that follow, the Government contends the total offense level (before a three-level adjustment for acceptance of responsibility) is 45. Applying the three-level reduction for acceptance of responsibility, the Defendant's total offense level is 42, resulting in an advisory guideline range of 360 to LIFE. The Government seeks a

---

[1] The court makes factual findings by a preponderance of the evidence. *See United States v. Bah*, 439 F.3d 423, 426 (8th Cir. 2006) (citations omitted). ("[J]udicial fact-finding using a preponderance of the evidence standard is permitted provided that the guidelines are applied in an advisory manner.")

sentence of 480 months' imprisonment, achieved by sentencing the Defendant to the maximum statutory punishment for each count of conviction, to run consecutively.  A 480-month sentence of imprisonment is an entirely reasonable sentence in light of the sentencing considerations enunciated in 18 U.S.C. § 3553 (a), principally, the need to protect vulnerable victims from the Defendant and to deter the Defendant from engaging in the depraved criminal conduct described in the PSR.

## LEGAL ARGUMENT

### THE TWO-LEVEL ENHANCEMENT FOR DISTRIBUTION IS INCORRECTLY APPLIED; THE FIVE-LEVEL ENHANCEMENT SHOULD APPLY

The Defendant's objection number seven contests the application of U.S.S.G. § 2G2.2(b)(3)(F), the two-level enhancement for distribution of sexually explicit images of a minor.[2]

The PSR calls for the two-level distribution enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F), citing the Defendant's conduct involving the production of Haidy Branson's video depicting the sexual assault of a minor male.[3]  The Defendant argues that because he never "solicited" or "requested" such material from Haidy Branson, the two-level enhancement is erroneously applied. The Defendant references the application note that excludes from the definition of distribution "the mere solicitation of such material by a defendant."  As discussed herein, the contention the Defendant never "requested" Haidy Branson send him the child pornography video is without merit. Moreover, the Government asserts this objection is moot,

---

[2] "Distribution means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.  Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.  U.S.S.G. § 2G2.2, comment.  (n.1)

[3] Haidy Branson pled guilty to a single violation of 18 U.S.C. § 2251(a), production of child pornography, in case number 5:15CR00003-001, Eastern District of Texas, Texarkana Division.  On August 27, 2015, Haidy Branson was sentenced to serve 262 months' imprisonment.  (Doc. 39 in 5:15CR00003-001).

given Eighth Circuit authority that the five-level enhancement for distribution to a minor is applicable.

The Government believes the grounds for applying the distribution enhancement are not exclusively limited to the Defendant's transactions with Haidy Branson.  The Government contends this Court should apply the five-level enhancement for distribution to a minor based on the Defendant's transmissions of child pornography to E.A., a minor.  The Defendant's transmission of child pornography to E.A. accounts for a five-level enhancement, pursuant to U.S.S.G. § 2G2.2 (b)(3)(C), because the "offense involved distribution to a minor."[4]

E.A. told a forensic interviewer at the Texarkana Advocacy Center on November 13, 2014, that she and an unnamed male friend, later identified as the Defendant, "exchanged images of child pornography."  E.A. stated that Thomas "would show E.A. images of girls from 3 months old to 12 years old who were being raped."  (PSR, ¶ 37).  E.A. told a forensic interviewer at the Texarkana Advocacy Center on December 8, 2014, that, "Thomas would randomly send her pictures of little girls being raped and then ask her how she felt about it."  (PSR, ¶ 54).  Corroborating this conduct, the Defendant "instructed E.A. on how to upload and distribute images to peer-to-peer (P2P) services, and commented that phone use was preferable due to easier tracking of such images on computers."  (PSR, ¶ 37).

Accordingly, the Probation Office should recalculate the Defendant's offense level to include the five-level distribution enhancement, pursuant to U.S.S.G. § 2G2.2 (b)(3)(C).  This is so because the Eighth Circuit has held that a distribution enhancement to a minor applies where a Defendant makes material involving the sexual exploitation of a minor accessible to a minor.

---

[4] The Government did not timely file an objection to the PSR's application of the two-level enhancement for distribution and therefore, did not request the PSR apply U.S.S.G. § 2G2.2(b)(3)(C), the five-level enhancement for distribution to a minor.  The undersigned will seek permission to file an objection to the PSR's application of the two-level enhancement for distribution.

*United States v. Clawson*, 408 F.3d 556, 558 n.1 (8th Cir.), *reh'g and reh'g en banc denied* (Aug. 15, 2005).  Another district court in the Eighth Circuit has followed *Clawson.*  The District Court for the Northern District of Iowa found a defendant convicted of possessing and attempting to possess images of child pornography "clearly intended to distribute child pornography . . . when [he] showed the child pornography to M.S. [the minor]."  *United States v. Postel,* 524 F. Supp. 2d 1120, 1125 (N. D. Iowa 2006)(Reade, C.J.).  In *Postel,* Chief District Court Judge Reade wrote: "Instead of posting the child pornography on a website for the public, defendant turned on his computer, loaded up the child pornography and directly displayed it to M.S.  He thereby 'distributed' it to her, as contemplated in § 2G2.2(b)(3)(E)."  524 F. Supp. 2d 1123, n.3.  *See also, United States v. Kruse*, 618 F. Supp. 2d 981 (N.D. Iowa 2009)(Reade, C.J.)  Based on evidence the Defendant made images of child pornography available to E.A., the two-level enhancement for distribution of material involving the sexual exploitation of a minor is incorrectly applied and the five-level enhancement for distribution to a minor is proper.

The PSR references the transmission of sexually explicit images from Haidy Branson to the Defendant as grounds for the distribution enhancement.  (PSR, ¶ 86).  In response to the Defendant's objection to the distribution enhancement, the Probation Office points out that "the defendant's conduct was more egregious than mere solicitation."  (Doc. 16-1, p. 4).  The Government agrees, but contends the distribution conduct contemplated by the PSR in the Haidy Branson transaction is superseded by the Defendant's distribution of child pornography to E.A.

However, to put the distribution of the illegal video produced by Haidy Branson into context, the KIK messages between the Defendant and Branson that began at 5:01 a.m. on November 30, 2014, and continued through and including December 3, 2014, strongly suggest the Defendant's relationship with Haidy Branson was based upon distributing child pornography.

(PSR, ¶¶ 61 -64).  Viewing the KIK conversations between the Defendant and Haidy Branson in their entirety, the Court can infer the Defendant aided and abetted Branson's production of child pornography.  Significant to this inference, the definition of distribution contained in the application note states, in relevant part, "distribution means any act including….production….related to the transfer of material involving the sexual exploitation of the minor."  Therefore, the Defendant's role in aiding and abetting Branson's production of the video that depicted a sexual assault of a minor supports the position that the two-level distribution enhancement is well founded, but fails to account for the more harmful conduct of transmitting child pornography to a minor.

The Defendant insists the two-level enhancement for distribution is inapplicable because he utilized KIK, a "messaging service similar to texting."[5]  (Doc. 16-1, p. 4).  The Defendant seems to suggest that any exchange of sexually explicit material via KIK cannot be subject to distribution because "KIK messenger is not a peer-to-peer service."  (Doc. 16-1, p. 4).  This argument is meritless.  The fact that KIK messenger is not a peer-to-peer network in no way diminishes its users' ability to exchange images, videos, and the like.  Accordingly, Defendant's objection number seven should be overruled.  The Court should apply the five-level distribution enhancement in U.S.S.G. § 2G2.(b)(3)(C).

---

[5] According to the website http://KIK.com/about, KIK advertises itself as "the first smartphone messenger with a built-in browser."  KIK Messenger allows its user to "talk to your friends and browse and share any website with your friends on KIK."  KIK believes it is at the forefront of the "new era of the mobile web."  KIK was founded in 2009 by a group of University of Waterloo students who started a company designed to "shift the center of computing from the PC to the phone."  According to its website, KIK Messenger is a free service easily downloaded from the Internet, and has become the simplest, fastest, most life-like chat experience you can get on a smartphone.  Unlike other messengers, KIK usernames – not phone numbers – are the basis for KIK user accounts, so KIK users are in complete control with whom they communicate.  In addition, KIK features include more than instant messaging.  KIK users can exchange images, videos, sketches, stickers and even more with mobile web pages.

**THE CROSS REFERENCE TO U.S.S.G. § 2G2.1 WAS PROPERLY APPLIED UNDER THE PSR RELEASED DECEMBER 20, 2016, BUT IS INAPPLICABLE AFTER CALCULATING THE GUIDELINE RANGE USING U.S.S.G. § 2G2.(b)(3)(C)**

The Defendant's objection number nine contests the application of the cross reference to U.S.S.G. § 2G2.1 (the guideline section for production of child pornography offenses). The Defendant contends the cross reference should not apply to him because "he was not convicted of violating a statute lending itself to sentencing under 2G2.1." (Doc. 16-1, p. 4). The Defendant further insists the cross reference was erroneously applied because "[p]roduction of child pornography is a more serious offense than receipt of child pornography and its essential elements were neither found by a jury nor admitted to . . . and [its application is] a violation of his constitutional rights under *Apprendi*, 530 U.S. 466, 120 S. Ct. 2348 (2000)." (Doc. 16-1, p. 4).

The Government believes the Defendant's objection to the cross reference is moot should the Court apply U.S.S.G. § 2G2.2(b)(3)(C), which would increase the offense level under U.S.S.G. § 2G2.2. The offense level using U.S.S.G. § 2G2.2 would then be greater than the offense level using the cross reference to U.S.S.G. § 2G2.1. (*See*, U.S.S.G. § 2G2.2(c)(1)). In the event the Court does not apply the five-level enhancement for distribution to a minor, which in turn, would make the cross reference applicable, the Government points out that the Defendant's position regarding application of the cross reference does not comport with Eighth Circuit authority.

The Eighth Circuit has approved applying the cross reference to U.S.S.G. § 2G2.1 to calculate the advisory sentencing guideline for a defendant who pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). *United States v. Steffen*, 818 F. 3d. 770 (8th Cir. 2016). The defendant in *Steffen* claimed the child pornography cross reference was inapplicable because he was not convicted of producing child pornography, that producing child pornography was more serious than his offense of conviction (receipt of child pornography), and

the essential elements of the offense of producing child pornography were neither found by a jury nor admitted in his guilty plea, which violated his constitutional rights under *Apprendi*. 818 F. 3d at 771-72. The Defendant advanced the same arguments in his objection number nine.

The Eighth Circuit in *Steffen* rejected those arguments and approved the cross reference to U.S.S.G. § 2G2.1 based on relevant conduct, finding that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the application sentencing range." 818 F.3d at 772, *(citing U.S.S.G. § 1B1.3 (a)(1)(A))*. The *Steffen* Court found the sentencing court properly determined the advisory guideline range was "based on uncharged relevant conduct, as § 1B1.3 of the guidelines requires and the Sixth Amendment permits." *Id.*

The relevant conduct here that triggers the cross reference to U.S.S.G. § 2G2.1. is evidence the Defendant induced E.A., a minor, to produce and send him images of herself engaged in sexually explicit conduct. [6] (PSR, ¶¶ 55, 60). In *United States v. Bauer,* 626 F. 3d 1004 (8th Cir. 2010), the Eighth Circuit approved the child pornography cross reference where the defendant, convicted of attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), did not take photos of the minor engaged in sexually explicit conduct but offered to buy a camera for the minor and instructed the minor to record and send him images of herself masturbating. *Bauer,* 626 F. 3d 1009. The Eighth Circuit held that Bauer's offer to buy a camera for whom he believed was a minor[7] to produce images of herself engaged in sexually explicit conduct – even though the defendant's actions were "one-step" removed from the actual production of the images -- warranted the cross reference to U.S.S.G. § 2G1.1.

---

[6] Although the Defendant's offense of conviction is not a violation of 18 U.S.C. § 2251(a), the Government contends the evidence would have supported a conviction on this statute because the Defendant "used, persuaded, induced, enticed, or coerced" E.A., a minor, to engage in sexually explicit conduct with intent E.A. engage in such conduct for the purpose of producing a depiction of such conduct.

[7] The minor in *Bauer* was actually an undercover law enforcement agent.

Bauer argued unsuccessfully on appeal that, "because he did not produce any prohibited images and merely wished that another party independently would produce those images, the cross reference is inapplicable."  *Bauer,* 626 F.3d at 1008.  The *Bauer* Court observed that the commentary to U.S.S.G. § 2G2.2 instructs the cross reference "to be construed broadly and includes all instances where the offense involved . . . *offering* or *seeking* . . . a minor to engage in sexually explicit conduct. . . ."  *Id.* at 1009 *(citing U.S.S.G. § 2G2.2, comment. (n.5) (emphasis in original)).*  Similarly, the Fifth Circuit, in an unpublished opinion, held that the cross reference to production of child pornography was properly applied to a defendant convicted of receipt of child pornography who had asked a minor to take sexually explicit photos of herself.  *United States v. Caillier,* 608 Fed. Appx. 294 (5th Cir. 2015) (unpublished).  *See also United States v.  Mai*, 291 Fed. Appx. 910 (10th Cir. 2008) (not selected for publication) (cross reference to U.S.S.G. § 2G1.1 applied where defendant was convicted for traveling in interstate commerce with intent to engage in criminal sexual activity with a minor even though no child pornography was produced in the commission of the offense; evidence of conversations about sexually explicit photographs the defendant intended to take of the minor once he met the minor triggered the cross reference); *United States v. Long*, 185 F. Supp. 2d 30 (District of Columbia) (2001)(cross reference to U.S.S.G. § 2G1.1 applied to defendant convicted for transporting minor in interstate commerce with intent to engage in criminal sexual activity).

*Steffen* and *Bauer* are analogous to the facts before this Court and are instructive. Additional evidence of the KIK messages between Branson and the Defendant arguably demonstrate the Defendant aided and abetted the production of Branson's video depicting the sexual assault of her minor relative and support the cross reference.  The Defendant's objection

number nine should be overruled as moot in the event the Court uses the 2G2.2 guideline section to calculate the Defendant's offense level and includes the five-level distribution enhancement.

## THE 18 U.S.C. § 3553(a) FACTORS

The Court is required to consider the factors set forth in 18 U. S. C. § 3553(a) to fashion the Defendant's punishment.  To assist the Court in its sentencing deliberation, the Government respectfully highlights several of the factors.

The Defendant's conduct came to light when Canadian law enforcement detected a Canadian citizen was accessing child pornography.  Canadian law enforcement used the citizen's ability to enter chat rooms that sponsored links to various websites containing child pornography. Canadian law enforcement then identified specific internet protocol ("IP") addresses associated with the child pornography images.  One of the IP addresses corresponding to an IP address offering files containing images of child pornography was traced to the IP address at the residence of E.A. in the Texarkana area.

E.A. was interviewed in November 2014.  (PSR, ¶¶ 34 -36).  She was 14 years old.  E.A. disclosed to the interviewer that a male, whom she later revealed was the Defendant, had taught her how to upload and distribute child pornography.  (PSR, ¶¶ 37, 38).  E.A.'s information demonstrates the Defendant's criminal conduct was pernicious and far reaching: he introduced a 14-year-old to child pornography and taught her to disseminate images of assault and abuse of minors, some of which illegal images traveled internationally.

The Defendant groomed E.A. to carry out his insatiable appetite for child pornography.  He preyed upon E.A. to reduce her sexual inhibitions and erase her personal boundaries.  He desensitized her to unimaginable images of rape and torture of minors.  He inflicted horrific acts of violence on E.A. to make her a likeminded accomplice to his sexual debauchery.  The PSR is replete with descriptions of the brutality the Defendant subjected E.A. to, including "fisting,"

bondage, beating, cutting her leg with a razor, choking, and engaging in painful sexual activities that "caused her to go into shock."  (PSR, ¶¶ 38, 39).  The Defendant's conduct with E.A. underscores his indifference to another person's physical pain and suffering.  It also highlights his obsession with psychological and sexual control of a person not near his equal in age, education or life experience.  It is important to note the Defendant sought a person inferior to him in age, life experience, and social maturity to exercise his dominion and control.  The Defendant used a minor to produce, view and disseminate child pornography.  The Defendant did not simply break federal laws himself; he conscripted others to break the law with him and for him.  The nature and circumstances of the Defendant's offense are aggravated by the fact the Defendant did not act alone to satiate his appetite for child pornography and commit his crimes.  He recruited minors, E.A. and K.G., and another adult.

The Defendant's active role in encouraging Haidy Branson's production of a video depicting a sexual assault on an innocent victim – a child young enough to be wearing a diaper – also underscores the vile nature of the Defendant's offense.  Not only was the Defendant interested in consuming child pornography, he actively promoted its production. The Defendant's indifference to the sexual exploitation of an unsuspecting toddler is a deeply disturbing fact about the nature of the offense that warrants a maximum sentence of imprisonment.

The Defendant will soon turn 24.  Based upon a reading of the PSR, he has minimal to no job skills and maintained sporadic to long periods of unemployment prior to incarceration. He would benefit from educational and vocational training at the Bureau of Prisons.  He has no criminal history, which is accounted for in his criminal history category and resulting advisory guideline range.  Although he is a young adult and appears before this Court as a first-time offender, the seriousness of his criminal conduct far outweighs any mitigation based upon his age

and criminal history.  The Defendant is an extraordinarily disturbed, deviant sexual offender who is a serial "hands-on" offender against minors, as evidenced by the PSR's descriptions of his sexual assaults on minors E.A. and K.G.  He is not content to view child pornography in the secret confines of his home.  The Defendant seeks victims he can influence and dominate so that they will produce the type of illicit images he requests.  The Defendant poses a danger to society, specifically, to minors, who are significantly less physically and psychologically capable of recognizing and protecting themselves from the Defendant's manipulation and guile.  This Court's directive to impose a sentence that reflects the seriousness of the offense, to provide just and reasonable punishment, and afford adequate deterrence to continued criminal conduct requires a maximum sentence to prevent the Defendant from perpetrating his destructive behavior and exploiting innocent victims.

Based on the foregoing, the United States respectfully requests this Court overrule the Defendant's objections to the PSR, to apply the five-level enhancement for distribution of child pornography to a minor, and sentence the Defendant to a 480 months' imprisonment.

Respectfully submitted,

KENNETH ELSER
UNITED STATES ATTORNEY

By:      /s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney
Arkansas Bar No. 2000041
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Kyra.Jenner@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Bruce Eddy, attorney for the defendant, <u>bruce_eddy@fd.org</u>

<u>/s/Kyra E. Jenner</u>
Kyra E. Jenner
Assistant U.S. Attorney