IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:16CR40008 |
| | ) | |
| NATHAN KARL THOMAS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**SENTENCING MEMORANDUM**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files its response to Defendant's Sentencing Memorandum (Doc. 23) and states:

1. **The Government and Defendant agree the distribution enhancement in U.S.S.G. § 2G2.2 (b)(3)(F) is not applicable. The Defendant contends no distribution enhancement should be applied while the Government believes the distribution enhancement in U.S.S.G. § 2G2.2 (b)(3)(C) should be applied.**

The Defendant, Nathan Karl Thomas, contests the application of U.S.S.G. § 2G2.2 (b)(3)(F). He argues in his Sentencing Memorandum his conduct does not meet the definition of "distribution" and objects to the two-level enhancement, urging this Court to sustain his objection. (Doc. 23, p. 4). The Government also objects to the two-level enhancement for distribution applied by the Presentence Investigation Report ("PSR") filed December 20, 2016; however, the Government's opposition to the two-level distribution enhancement recommended by the United States Probation Office is tethered to the Government's contention U.S.S.G. § 2G2.2 (b)(3)(C) should be applied instead of U.S.S.G. § 2G2.2 (b)(3)(F).

The Defendant states in his Sentencing Memorandum that the two-level distribution enhancement is inapplicable purely based on "conversations between Mr. Thomas and Ms.

1

Branson over Kik Messenger" that represent solicitation of images from Ms. Branson via Kik Messenger. (Doc. 23, p. 4). The Government believes the application of a distribution enhancement in U.S.S.G. § 2G2.2 (b)(3) should not hinge on a determination of whether Kik Messenger conversations between the Defendant and child pornography producer Haidy Branson[1] constitute distribution, as that word is defined in Application Note 1 of U.S.S.G. § 2G2.2. The Government believes the distribution enhancement should be applied based on evidence Thomas sent E.A., a minor, images of "girls from 3 months old to 12 years old who were being raped" (PSR, ¶ 37), and "pictures of little girls being raped and then ask[ing] her [E.A.]how she felt about it." (PSR, ¶ 54). The definition of "distribution" in Application Note 1 to U.S.S.G. § 2G2.2 fits the facts in this case where distribution is defined, in pertinent part, as "any act . . . related to the transfer of material involving the sexual exploitation of a minor."

As argued in the Government's Sentencing Memorandum (Doc. 21, pp. 4-5), the Government urges this Court to follow *United States v. Clawson*, 408 F.3d 556 (8th Cir.) *reh'g and reh'g en banc denied* (Aug. 15, 2005), and find Thomas' distribution of child pornography to E.A. warrants the five-level enhancement in U.S.S.G. § 2G2.2 (b)(3)(C). The Eighth Circuit in *Clawson* held distribution to a minor occurred where a defendant stored child pornography in a place where the minor could access that material and view it. Here, Defendant Thomas did not make child pornography accessible to E.A. merely by storing it in a place where E.A. knew she could find and view it, as did the defendant in *Clawson*. Thomas deliberately and intentionally sent E.A. images of minor females being sexually assaulted. Additionally, Thomas took affirmative steps to verify the successful transfer of child pornography to E.A. by asking E.A. "how she felt about [seeing]

---

[1] Haidy Branson pled guilty to a single violation of 18 U.S.C. § 2251(a), production of child pornography, in case number 5:15CR00003-001, Eastern District of Texas, Texarkana Division. On August 27, 2015, Haidy Branson was sentenced to serve 262 months' imprisonment. (Doc. 39 in 5:15CR00003-001).

it." (PSR, ¶ 54). Thomas' purposeful transmission to E.A. of images of minor females being "raped" meets the definition of "any act . . . related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2, Application Note 1. This Court can reasonably conclude that distribution of material involving the sexual exploitation of a minor occurred when Thomas asked E.A. about her response to seeing child rape images. Therefore, the Defendant's objection to the two-level enhancement should be overruled and the five-level enhancement in U.S.S.G. 2G2.2 § (b)(3)(C) should be applied.

**2. The five-level enhancement in U.S.S.G. § 2G2.2(b)(5) is properly applied based on evidence the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of at least one minor.**

The Defendant argues in his Sentencing Memorandum that the five-level enhancement for pattern of activity involving the sexual abuse or exploitation of a minor should not apply because the "allegations of sexual contact are false . . . [and/or] is neither part of the instant offense nor relevant conduct." (Doc. 23, p. 5). The Government argues the pattern of activity involving the sexual abuse or exploitation of a minor applies, and will present evidence at the sentencing hearing allowing this Court to make a finding the Defendant sexually abused E.A., a minor, on two or more separate occasions, as well as engaging in the sexual abuse of K.G., another minor.

Application Note 1 of U.S.S.G. § 2G2.2 defines the pattern of activity involving the sexual abuse or exploitation of a minor as "any combination of two or more separate instances of sexual abuse or sexual exploitation of a minor by the defendant; whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct. The Defendant argues the PSR erroneously based the five-level pattern of activity upon false allegations Mr. Thomas engaged in sexual relationships with both E.A. and K.G. (Doc. 23, p. 4, citing PSR, ¶ 88). The Defendant states that in addition to the false

allegations of sexual contact with minors, the Defendant did not engage in the sexual exploitation of a minor because he did "request sexually explicit photos and videos on numerous occasions." (Doc. 23, p. 4).

The Government contends evidence that will be introduced at the sentencing hearing that the Defendant engaged in sexual intercourse with one or both minors (E.A. and K.G.) demonstrates the Defendant engaged in two or more separate instances of sexual abuse. The Defendant further points out in his Sentencing Memorandum that any sexual conduct alleged to have occurred with minor K.G. is "neither part of the instant offense nor relevant conduct." The instances of sexual abuse or exploitation of a minor that constitute a pattern of activity involving the sexual abuse or exploitation of a minor need not be part of the instant offense nor relevant conduct.

The Eighth Circuit has held a defendant's 1997 conviction for two counts of sexually abusing his son and daughter constituted a "pattern of activity involving the sexual abuse or exploitation of a minor" even though it was not related to the defendant's 2002 guilty plea to trafficking in child pornography. *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003). The *Ashley* Court wrote that the pattern of activity can include acts of sexual abuse or exploitation committed prior to the charged offense. *See also, United States v. Woodward*, 694 F.3d 950, 953-54 (8th Cir. 2012) ("We join our sister circuits in concluding that § 2G2.2 (b)(5) contains no temporal limitation that would prevent Woodward's sexual abuse that occurred 19 years earlier from triggering the enhancement."); *United States v. Bastian*, 603 F. 3d 460, 467 (8th Cir. 2010) (pattern of activity properly applied where state charges stemming from the allegations of the minors were dismissed); *United States v. Anderson*, 136 F. 3d 747, 750-51 (11th Cir. 1998), *cert. denied,* 525 U.S. 1126 (1999) (rejecting a defendant's argument that to support an enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor the instances of prior

conduct had to relate to the current charge of receiving child pornography); *United States v. Hunter*, 511 F. Supp. 2d 961, 969 (N.D. Iowa 2006) (pattern of activity applied despite argument the rapes [of minors] occurred over twelve years ago and "for a limited period of time" and the instant possession of child pornography and rapes were "relatively isolated" acts). Therefore, Thomas' contention that illegal sexual contact with E.A. and/or K.G. should be excluded because it was neither part of the instant offense nor relevant conduct is without merit.

In sum, the evidence the Government intends to present at the sentencing hearing will substantiate the application of the five-level pattern of activity involving the Defendant's sexual abuse or exploitation of E.A. and K.G. on multiple occasions.

**3. This Court should apply U.S.S.G. § 2G2.2 (b)(3)(C), which would render the Defendant's various objections to the application of the cross reference to U.S.S.G. § 2G2.1 (c)(1) moot.**

Should this Court concur with the Government's position that the five-level enhancement in U.S.S.G. § 2G2.2 (b)(3)C) applies, the cross reference to U.S.S.G. § 2G2.1 (c)(1) is rendered inapplicable. The application of the five-level enhancement for distribution makes the adjusted offense level using U.S.S.G. § 2G2.2 a level 45, rather than level 42. (PSR, ¶ 94). Offense level 45 is greater than 44, which is the resulting offense level using the cross reference. (PSR, ¶¶104, 105). Therefore, the Government's view is that the Defendant's objections to the PSR's application of the cross reference to U.S.S.G. 2G2.1 (Doc. 23, pp. 5-6) should be moot in the event the Court adopts the Government's position that U.S.S.G. § 2G2.2 (b)(3)(C) applies.

**Opposition to a Downward Variance**

The Defendant requests a downward variance. He argues in his Sentencing Memorandum that the applicable advisory sentencing recommends a punishment that is "too severe" and a "lesser sentence . . . will effectively accomplish the goals of sentencing." (Doc. 23, p. 17). He contends

the advisory sentencing guidelines should be given much less deference in his case because they were not developed by the Sentencing Commission using an empirical approach. (Doc. 23, p. 14). The Defendant cites cases in which other district courts have varied downward from the applicable advisory sentencing guideline range and urges this Court to do the same. He further notes his lack of prior criminal history and diagnosis of a learning disorder and adjustment disorder with mixed anxiety and depression. (Doc. 23, p. 17).

The Government opposes a downward variance. The Defendant's sentence should be commensurate with the heinousness of his criminal conduct. The Defendant was not only a consumer of child pornography; he instigated its production. The Defendant may suggest his conduct is not so reprehensible because he was not the actual producer of child pornography; meaning, he was not the one behind the camera taking sexually explicit photos or videos of E.A., nor was he the one who recorded a video of the sexual assault of the toddler. Yet it was the Defendant's encouragement of Haidy Branson to produce child pornography that resulted in the degradation of an innocent toddler, who most likely had no awareness his sexual assault was being recorded for posterity.

As demonstrated by the Defendant's introduction of child pornography to E.A., the Defendant did not confine his appetite for child pornography to his own consumption. He encouraged E.A. to look at child pornography. He told E.A. there was nothing perverse about child pornography and taught her how to disseminate the images. The Defendant made a minor complicit in his criminal conduct, an aggravating factor that underscores the seriousness of the offense. The Defendant's phone contained pornographic images of E.A. (PSR, ¶46). The Defendant argues he never asked E.A. for images in sexually explicit poses. He states E.A. sent sexually explicit images of herself to him, totally unsolicited. It is important to note the Defendant

had clearly expressed his interest in that type of material to E.A. While it is conceivable the Defendant did not outright ask E.A. to provide him with child pornography images, E.A. knew that is what he valued and appreciated. The Defendant's insidious manipulation of E.A. illustrates the need for a lengthy sentence to ensure the protection of minors, particularly those acutely vulnerable and impressionable. Despite the Defendant's young age, he has successfully mastered skills to groom a minor to be receptive to sexual activities that inflict pain (PSR, ¶¶ 38, 39, 52, 53), disseminate child pornography (PSR, ¶ 37), and produce child pornography (PSR, ¶ 55). The Defendant's history and characteristics cry out for this Court to recognize his deviate, predatory conduct and sentence him to the maximum statutory sentence of 480 months' imprisonment.

Respectfully submitted,

KENNETH ELSER
UNITED STATES ATTORNEY

By: /s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney
Arkansas Bar No. 2000041
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Kyra.Jenner@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Kyra Jenner, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on April 10, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to:

Bruce Eddy, attorney for the defendant, bruce_eddy@fd.org

/s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney