**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.** <u>**4:16CR40008**</u> |
| | ) | |
| **NATHAN KARL THOMAS** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION**
**UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY AND AMENDED MOTION**

Comes now the United States of America, acting by and through David Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, and for its Response to Defendant's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, states:

## *BACKGROUND*

On January 13, 2015, Nathan Karl Thomas (Thomas), was named in a five-count Indictment filed by the Grand Jury in the Western District of Arkansas. The Indictment charged Thomas with one count of using a facility and means of interstate commerce to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) in Case No. 4:15CR40001. (Doc. 16,

hereinafter referred to as (PSR), ¶ 4.)[1]   On July 22, 2015, the Grand Jury returned a nine-count Superseding Indictment that charged Thomas with interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).   (PSR, ¶¶ 10-18).   Thomas requested a competency exam.  (PSR, ¶¶ 27-29).    On March 18, 2016, Thomas was found competent and fit to proceed.  (*Id*).

On March 31, 2016, Thomas waived Indictment and consented to the filing of a two-count Information in the above-captioned case.   The Information charged two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Thomas pleaded guilty to the two-count Information pursuant to a written Plea Agreement.  (Docs. 1, 2, and 5).   The Plea Agreement included a waiver of appellate and post-conviction rights, reserving the right to appeal from a sentence exceeding the statutory maximum and the right to collaterally attack the conviction for ineffective assistance of counsel or prosecutorial misconduct claims.   (Doc. 5, ¶ 8).

Thomas' final PSR was disclosed June 21, 2018. (Doc. 16).   The PSR calculated Thomas' base offense level was 22, pursuant to U.S.S.G. § 2G2.2(a)(2).  (PSR, ¶ 84).   Several specific offense characteristics increased Thomas' base offense level to 45.  (PSR, ¶¶ 85 - 94).   After receiving a three-level reduction for acceptance of responsibility, the final total offense level was 42.  (PSR, ¶¶ 95 - 98).   His criminal history category was I.  (PSR, ¶ 107).   Each count of conviction had a statutory minimum term of 5 years' imprisonment and a maximum term of 20

---

[1] References to the Final Pre-Sentence Report (PSR) and to the Docket correspond to Case No. 4:16CR40008.

years' imprisonment. (PSR, ¶ 139). The advisory guidelines range was 360 to 480 months' imprisonment. (PSR, ¶ 140).

Thomas' sentencing hearing was conducted on June 19 and June 20, 2018, before the Honorable Susan O. Hickey. (Docs. 40, 41). After considering the testimony of witnesses and arguments of counsel, the Court sentenced Thomas to 180 months' imprisonment on Count One and 180 months' imprisonment on Count Two, to run consecutively, for a total sentence of 360 months' imprisonment, followed by a term of supervised release for ten years, per count, to run concurrently, and ordered Thomas to pay $3,163.96 in restitution and a $200.00 special assessment. (Doc. 47).

On June 28, 2018, Thomas filed a notice of appeal. (Doc. 52). He argued on appeal that the Court abused its discretion by ordering him to pay restitution and abused its discretion by imposing a substantively unreasonable sentence. *United States v. Thomas*, 932 F.3d 1139 (8th Cir. 2019). The Eighth Circuit reversed the order of restitution and found his sentence was within the scope of the waiver and not subject to appeal. *Id.* at 1141. On February 13, 2020, the Court filed an Amended Judgment to remove the order of restitution. (Doc. 63).

On October 19, 2020, Thomas filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 65). The Court appointed counsel and directed counsel to file a supplement to Thomas' § 2255 motion on or before December 1, 2020. (Doc. 69). Counsel filed an Amended Motion to Vacate the sentence on January 4, 2021. (Amended Motion). (Doc. 73). This response follows.

## *ARGUMENT*

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The court may grant the motion if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

According to his *pro se* § 2255 Motion, Thomas alleges:

1) counsel failed to request suppression of his statements and evidence obtained during a search;

2) counsel failed to move to dismiss the indictment on allegations of vagueness;

3) counsel failed to challenge the constitutionality of the statutes of conviction; and

4) counsel failed to object to hearsay testimony at sentencing and appellate counsel failed to raise this issue on appeal.

According to the Amended Motion, counsel argues:

1) trial counsel failed to move for a downward departure or variance;

2) trial counsel failed to present favorable witness testimony at sentencing;

3) appellate counsel failed to present the argument that trial counsel provided ineffective assistance by not presenting favorable witnesses at sentencing; and

4)      a claim of cumulative ineffective assistance of counsel.

As discussed below, Thomas is not entitled to relief on any of these grounds.

## I.      Effect of Thomas' Guilty Plea

Thomas claims trial counsel was ineffective by: 1) failing to move to suppress his statements to law enforcement and evidence obtained during a search of his property; 2) failing to move for dismissal of the indictment on allegations of vagueness; and 3) failing to challenge the constitutionality of the statutes of conviction.   These alleged deficiencies occurred before Thomas entered his guilty plea.

A defendant who enters a plea of guilty waives his right to request relief under 28 U.S.C. § 2255 except for those issues related to jurisdiction only.   *See*, *e.g.*, *United States v. Stewart*, 972 F.2d 216, 217-18 (8th Cir. 1992); *Hill v. United States*, 928 F.2d 303 (8th Cir. 1991); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) ([i]n pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction) (citing *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam)).   When a guilty plea is delivered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea.   *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (*citing Tollett v. Henderson*, 411 U.S. 258, 266 (1973)).

In the "Brady trilogy" of cases, *Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); and *Parker v. North Carolina*, 397 U.S. 790 (1970), the Supreme Court "announced the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975).   In *Tollett v. Henderson*, the Supreme Court reaffirmed the principle

that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett,* 411 U.S. at 267. The Court went on to observe that when . . .

> . . . a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759 (1970)].

*Id.* Subsequently, in *United States v. Broce*, 488 U.S. 563 (1989), the Supreme Court observed:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

488 U.S. at 569.

Under the *Tollett* line of cases, a defendant who voluntarily enters a plea of guilty is precluded from later obtaining collateral review of antecedent non-jurisdictional defects. Judicial consideration of alleged defects in the proceedings that occurred prior to a defendant's guilty plea are barred as the validity of the defendant's conviction does not rest upon what possibly transpired in the "chain of events" which preceded the plea, but rests instead upon the defendant's own admission of factual guilt. As the Supreme Court noted in *Menna v. New York*, 423 U.S. 61, 62-63, n.2 (1975), a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt, if factual guilt is validly established."

Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Only the voluntary and intelligent character of the guilty plea may be attacked. *Id.; see Bass v. United States,* 739 F.2d 405, 406 (8th Cir. 1984) (the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea). Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit has adopted and applied its rationale to motions under Section 2255. *Bass*, 739 F.2d at 406.

The record here demonstrates that Thomas voluntarily and intelligently entered his guilty plea. Thomas acknowledged in his plea colloquy with the Court that there was a factual basis in support of his guilty plea and he was satisfied with counsel's legal services in connection with the Plea Agreement. By signing the Plea Agreement, Thomas affirmed that he had fully discussed with counsel the facts of the case and the elements of the crime to which he was pleading guilty. (Doc. 5, ¶ 3). Thomas' signature on the Plea Agreement established that he had been advised, and fully understood, his right to persist in his plea of not guilty, to have a speedy and public trial by jury, to be presumed innocent until proven guilty beyond a reasonable doubt, and to confront and call witnesses. (Doc. 5, ¶ 4). Thomas represented to the Court that he had read the Plea Agreement and carefully reviewed every part of it with defense counsel, that he fully understood the Plea Agreement, that he was satisfied with the legal services provided by defense counsel, and that he was entering into the Plea Agreement freely, voluntarily, and without reservation. (Doc. 5, ¶ 30). None of Thomas' claimed deficiencies of counsel regarding suppression, constitutionality, or vagueness affected the voluntariness of Thomas' guilty plea and his guilty

plea bars him from now raising these issues. *Tollett*, 411 U.S. at 267. Even if Thomas could advance these claims, they are without merit and should be denied.

## II.  Counsel's Performance Was Not Constitutionally Deficient

### A.  Legal Standards for Section 2255 Relief

In order to prevail on a claim of ineffective assistance of counsel, Thomas must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel within the context of section 2255, however, a movant faces a heavy burden. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The burden of proving ineffective assistance of counsel is on the defendant. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003). The Eighth Circuit has stated that, " 'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (*quoting Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by

the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (*quoting Strickland*, 466 U.S. at 687). This showing can be made by demonstrating counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith,* 539 U.S. 510, 522 (2003) (*quoting Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (*quoting Strickland*, 466 U.S. at 690). Second, "[t]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (*quoting Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Courts also "do not use hindsight to question counsel's performance," but instead analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance were "deficient," the movant must also then establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma- Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. One claiming ineffective counsel faces an uphill battle proving prejudice. "Petitioner bears a heavy burden of proving that prejudice resulted from alleged ineffective assistance of counsel." *Eldridge v. Atkins*, 665 F.2d 228, 232 (8th Cir. 1981). Mere speculation is an insufficient showing of prejudice. Instead, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996) (*citing Strickland*, 466 U.S. at 689).

To satisfy this "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ... [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (*quoting Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (*quoting Strickland*, 466 U.S. at 693). The United States Supreme Court clarified the "prejudice" analysis in ineffective assistance of counsel cases as follows:

> [A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993) (footnote omitted). The Supreme Court has indicated that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Because counsel is presumed to be effective, *Cox v. Wyrick*, 642 F.2d 222, 226 (8th Cir. 1981), *cert. denied* 451 U.S. 1021 (1981), the movant bears a heavy burden in proving that counsel has rendered ineffective assistance. *Howard v. Wyrick*, 720 F.2d 993, 995 (8th Cir. 1983), *cert. denied* 466 U.S. 930 (1984). *See also Sidebottom v. Delo*, 54 F.3d 1357, 1365 (8th Cir. 1995).

Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts are not bound by mechanistic rules in evaluating ineffective assistance claims. *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) ("do not. . . need to address the performance prong if petitioner does not affirmatively prove prejudice."). Thus, the Court need not determine whether a defendant's counsel acted reasonably if a defendant has failed to show prejudice. A lack of prejudice can be dispositive. *United States v. DeRoo*, 223 F.3d 919, 925 (8th Cir. 2000), *citing Apfel*, 97 F.3d at 1076. If it is easier to dispose of an ineffectiveness claim for lack of sufficient prejudice, the Court should do so. *Strickland*, 466 U.S. at 697; *Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003).

**B.     Counsel Was Not Ineffective In Failing To File A Suppression Motion**

Thomas complains his trial counsel failed to move to suppress his statements and evidence obtained in a search of his property. Failure to file a motion to suppress, however, does not automatically demonstrate constitutionally ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (Defense counsel's competence is presumed, and defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that challenged action was not sound strategy.) (citations omitted). When an ineffective assistance of counsel claim is based on counsel's failure to file a motion to suppress, the claimant must prove that the motion would have been meritorious. *See*, *e.g.*, *United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012).

Thomas has no facts to substantiate this claim. He simply asserts that he was not warned of his rights prior to making the statement and that he was unaware of the existence of a search

warrant but undisputed facts contained in the PSR contradict Thomas' claims. According to uncontested facts in the PSR, a search warrant for Thomas' residence at 151 Provo Road, Lot 23 in Lockesburg, Arkansas, was sought, approved, and executed on December 6, 2014.[2]  (PSR, ¶ 42).  Upon arrival at the residence, law enforcement contacted Thomas who, along with three other individuals, appeared to be in the process of moving.  *Id.*  The residence was searched and an active cellular phone belonging to Thomas was recovered.  *Id.*  During the search, Thomas was interviewed by law enforcement after being advised of his Miranda warning, which he waived.  *Id.*

Thomas informed law enforcement of the list of apps he had used to communicate online, gave law enforcement his online identification, and admitted that he had downloaded pornography (some of which he stated was probably child pornography).  (PSR, ¶¶ 44-45). Additionally, when Thomas was confronted with electronic communications with two minor females, which included pornographic images of one of the minors, Thomas confirmed that he had been communicating with them via various computer applications.  (PSR, ¶ 46).

The decision of Thomas' counsel not to file a motion to suppress statements should be considered a strategic decision where it is apparent such motion would be groundless. Even if strenuously contested, Thomas' statements would likely have been ruled admissible at trial due to his waiver of his privilege against self-incrimination prior to law enforcement obtaining them. *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966) (Defendant may waive rights to counsel and

---

[2]  This Search Warrant was filed December 6, 2014, in Case No. 5:14CM09.

to remain silent, provided that waiver is made voluntarily, knowingly, and intelligently). The record indicates that Thomas' statements to law enforcement were voluntarily made after he signed a written waiver of his constitutional rights to remain silent and to counsel. (PSR, ¶ 42). Thus, counsel's decision to decline filing a motion that had no merit is consistent with *Strickland*, 466 U.S. at 690, in which the Supreme Court ruled strategic decisions "made after thorough investigation of law and facts ... are virtually unchallengeable." This Court should give deference to counsel's decisions regarding trial strategy and tactics and dismiss this claim.

Thomas has not proffered facts or provided any analysis to demonstrate how counsel's failure to file a motion to suppress might have operated to prejudice him. That is, he has made no showing that his situation would be different if counsel had filed a motion to suppress his statements to law enforcement or suppress the evidence obtained during the search warrant. Even if counsel had filed a motion to suppress, such motion would have ultimately been denied by the Court because Thomas waived his right to remain silent and have an attorney and, contrary to his assertion, a valid search warrant had been obtained. Thomas cannot show prejudice concerning counsel's performance regarding failing to file what would have been a baseless motion to suppress. Therefore, Thomas' first claim must be rejected.

### C. No Basis For Counsel To Seek Dismissal Of The Indictment

Thomas asserts his counsel was ineffective by failing to move to dismiss the indictments pending against him. According to Thomas, the indictments were vague and did not protect him against double jeopardy and provide fair notice of the charges against him. Thomas asserts that

if counsel had performed reasonably, the indictments would have been dismissed and he would not have pled guilty.[3] His claim is without merit.

### 1. Thomas Merely Asserts Conclusory Allegations

Thomas' claim under Ground Two is a self-serving, conclusory statement that must be rejected. Prior to waiving indictment and pleading to an information, Thomas was charged in a five-count Indictment and later in a nine-count Superseding Indictment. (PSR, ¶ 4). The Indictment and Superseding Indictment charged Thomas with using a facility and means of interstate commerce to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b); production of child pornography, in violation of 18 U.S.C. §§ 2251 (a) and (e); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (PSR, ¶¶ 5 - 18).

While Thomas' *pro se* pleading is entitled to liberal construction, a liberal construction of his claim cannot satisfy the required degree of specificity the law requires. *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001). Even a *pro se* movant must identify facts that support his claims of error. *See*, *e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985); *Burleson v. United States*, 340 F.2d 387, 390 (8th Cir. 1965); *see also* Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings. Furthermore,

---

[3] Thomas appears to contend that had the indictments been dismissed, he would not have waived indictment and pled to an information in this case.

Thomas' claims must go beyond mere allegations and not be so incredulous as to be unbelievable. "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Blackledge*, 431 U.S. at 74; *Voytik v. United States*, 778 F.2d at 1308 (8th Cir. 1985); *see also Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

Thomas' ineffective assistance of counsel allegation in Ground Two is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (*quoting Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance "cause" prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *Strickland*, 46 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. *Id.* at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Lawrence*, 961 F.2d at 115 (*quoting Strickland*, 466 U.S. at 694). Failure to satisfy both prongs is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the

performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); *see also DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Thomas' ineffective assistance claim in Ground Two is devoid of evidence supporting his allegation, other than his own self-serving, conclusory statement. This alone is sufficient to deny the claim. *See Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001). Quite simply, with no evidence to support his ineffective assistance of counsel allegation, Thomas cannot override the presumption of effective representation expressed in *Strickland*. Therefore, Thomas' ineffective assistance claim must fail.

### 2. The Indictment Was Sufficient

Rule 7 of the Federal Rules of Criminal Procedure instructs, in pertinent part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).

The Eighth Circuit has held, "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d

16

731, 736 (8th Cir. 2001); *see also United States v. Stanko*, 491 F.3d 408, 411-12 (8th Cir. 2007); *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (holding that an indictment "should not be read in a hyper technical fashion"). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Carter*, 270 F.3d at 736.

Count Six of the Superseding Indictment is substantially similar to Count Two of the Information[4]. Count Six of the Superseding Indictment charged Thomas with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), which provides if the person:

> knowingly receives ... any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer ... if –
>
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (B) such visual depiction is of such conduct....

18 U.S.C. § 2252(a)(2).

According to the PSR, Count Six:

> charges that on or about November 10, 2014, in the Western District of Arkansas, Texarkana Division, the defendant, Nathan Karl Thomas, knowingly received a visual depiction, namely, "prod-Kik@anyvideo.co+8290e4e8-ff64-4e24-948afa222dd6b06e.mp4," that had been mailed, shipped and transported in interstate and

---

[4] The noticeable difference is the date of the offense charged in the Information is on or about December 3, 2014, while the date charged in the Superseding Indictment is on or about November 10, 2014.

> foreign commerce and which contained materials that had been mailed, shipped and transported by any means, including by computer, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct as that term is defined in 18 U.S.C. § 2256, and the visual depiction was of such conduct, and attempted to do so; all in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

(Doc. 46, ℙ 15).

Count Six of the Superseding Indictment met the pleading requirements of Rule 7(c) by tracking the statutory language in § 2252(a)(2) by informing Thomas of the receipt of child pornography charge against him. Thomas' trial counsel was not ineffective for failing to challenge the Indictment or the Superseding Indictment on these grounds. As a result, Thomas' claim that counsel's failure to challenge the vagueness of the Indictment and Superseding Indictment amounted to ineffective assistance should fail.

### D. Thomas' Offense Was Punishable Under Federal Law

Thomas contends counsel was ineffective for failing to argue that his statutes of conviction are unconstitutional. He argues counsel should have challenged Congress' power to enact § 2252(a)(2). This argument fails.

Thomas does not and cannot substantiate his claim that Congress lacked the power to enact § 2252 with any factual or legal support. Thomas' failure to provide any factual or legal support for his ineffective assistance of counsel claim is, in and of itself, sufficient cause for rejection. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978) (Allegation of ineffective assistance of trial counsel was conclusory and thus was properly summarily denied by district court in post-conviction relief proceeding.); *see also Bryson v. United States*, 268 F.3d 560, 562 (8th Cir.

2001) (conclusory allegations are insufficient to establish ineffective assistance); *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are insufficient to state a ground for relief under § 2255).   Contrary to Thomas' conclusory allegation, Thomas' offenses of conviction are punishable pursuant to valid federal law.

The legislative history of Section 2252 voices clear congressional findings about the effect of child pornography on interstate commerce.   For example, in originally enacting Pub.L. 95–225, in 1978, Congress observed:

> It is the [Judiciary] Committee's intention that the government will have the affirmative burden of showing that the person charged knew or should have known that the materials described under 2251(a) and (b) will be transported in interstate or foreign commerce or mailed. While the Committee recognizes that the jurisdictional element is often a difficult one to prove, it nonetheless believes that this requirement is necessary to preserve the balance between the law enforcement responsibilities of federal officers on one [h]and, and their state and local counterparts, on the other.
>
> In addition, the Committee intends that the issue of whether the jurisdictional element has been met will be a question decided on a case-by-case basis.

1978 U.S.C.C.A.N. 40, 53 (1978).

While this excerpt from the Committee Report references Sections 2251(a) and (b), the context of the Report makes plain that the reference pertains to the language of the Public Law later codified as Section 2252.   Moreover, the pertinent legislative history of Section 2252 reveals that the statement of intent was premised upon Congress's finding that "child pornography and child prostitution have become highly organized, multimillion dollar industries that operate on a nationwide scale," and "that such prostitution and the sale and distribution of such pornographic

materials are carried on to a substantial extent through the mails and other instrumentalities of interstate and foreign commerce." *Id*. at 42-43.

The Eighth Circuit has affirmed the constitutionality of statutes related to child pornography against a challenge to the authority of Congress to enact such a statute. *U.S. v. Betcher*, 534 F.3d 820, 824 (Congress had authority under Commerce Clause to enact 18 U.S.C. § 2251); *United States v. Bausch*, 140 F.3d 739, 740 41 (8th Cir. 1998) (Congress had authority under Commerce Clause to enact 18 U.S.C. § 2252). Eighth Circuit precedent clearly establishes that Congress had Commerce Clause authority to enact 18 U.S.C. § 2252. Thomas' trial counsel did not provide ineffective assistance when counsel elected not to challenge the constitutionality of § 2252(a)(2) because counsel could have reasonably concluded this defense was almost certain to be unsuccessful. Counsel is not ineffective for failure to raise a meritless argument. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

### E. Counsel's Failure to Object To Any Hearsay Testimony Was Well Within The Bounds Of Professional Responsibility

In his final *pro se* ground for relief, Thomas argues trial counsel failed to object to hearsay testimony during the sentencing hearing that resulted in an increase in his offense level and a lengthy sentence of incarceration. Thomas misunderstands that hearsay testimony is admissible at a sentencing hearing.

Counsel's decision not to object to hearsay testimony at the sentencing hearing was clearly reasonable considering relevant law and reasonable strategy. Sentencing hearings are not bound by traditional hearsay rules of evidence as "[h]earsay evidence ... can be used at sentencing

proceedings if it bears sufficient indicia of reliability to support its probable accuracy." *United States v. Shackelford*, 462 F.3d 794, 796 (8ᵗʰ Cir. 2006); *see United States v. Pratt*, 553 F.3d 1165, 1170-1171 (8ᵗʰ Cir. 2009) (In general, "[t]he rules of evidence do not apply at sentencing.") (*quoting United States v. Fleck*, 413 F.3d 883, 894 (8ᵗʰ Cir. 2005)); *United States v. Wallace*, 408 F.3d 1046, 1048 (8ᵗʰ Cir. 2005). ("The commentary in the Sentencing Guidelines expressly allows reliable hearsay evidence at sentencing, and courts have concluded hearsay is admissible in sentencing as long as it bears some indicia of reliability.").

Trial counsel did address this issue with the Court. While recognizing hearsay's acceptance at sentencing, trial counsel reminded the Court "there still has to be indications and indicia of truthfulness because that's what the Court has to base this on." (Sentencing Transcript, p. 185). Then counsel pointed out what he believed to be inconsistencies in certain witness' testimony. (Sentencing Transcript, pp. 184 – 191). Given the admissibility of hearsay at sentencing hearings, counsel's performance during the Thomas' sentencing hearing was well within the range of reasonable professional practice. Thus, Thomas has not borne his burden of demonstrating that counsel made any errors, much less those which would be so serious as to adversely impact his function as "counsel" in the manner guaranteed the petitioner by the Sixth Amendment, nor can Thomas demonstrate that counsel's performance prejudiced his defense.

Thomas also claims appellate counsel erred by not raising this issue on appeal. However, Thomas knowingly entered into a plea agreement that contained a valid appeal waiver. (Doc. 5, ⁋ 8). The Eighth Circuit dismissed Thomas' portion of the appeal that contested the reasonableness of his sentence because Thomas had waived the right to appeal a sentence within

statutory limits.  *Thomas*, 932 F.3d at 1141.  Any substantive argument by appellate counsel would have had no impact upon the disposition of the matter as the Eighth Circuit did not consider the substance of the imprisonment portion of the appeal.   As a result, any argument regarding the admission of hearsay statements at sentencing would not have been considered on appeal, regardless of the diligence and competence of appellate counsel.   This claim should also be denied.

### F.    Thomas' Fails To Offer Support On His Claim Of Ineffective Assistance By Counsel's Failure To Request A Downward Departure Or A Variance

In Thomas' counseled Amended Motion, Thomas contends trial counsel rendered ineffective assistance by failing to move for a downward departure or for downward variance.  This fails to meet § 2255's pleading requirements.   The Rules Governing § 2255 Proceedings for the United States District Courts ("§ 2255 Rules") require that motions "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground" for relief.  *See* Rules Governing § 2255 Proceedings, Rule 2.   Though the Eighth Circuit has not expressly ruled so, other courts have concluded that Rule 2 of the § 2255 Rules supplants the ordinary pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See Johnson v. United States*, 860 F.Supp.2d 663, 715-16 (N.D. Iowa 2012).   The § 2255 Rules "mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."  *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see Johnson*, 860 F.Supp.2d at 716; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("[h]abeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254(c)").

Here, Thomas has failed to provide facts in support of his bald assertion that "[t]rial counsel acted ineffectively by failing to file a motion for downward departure, a motion for variance, or to prepare, build and present favorable evidence at the sentencing hearing in favor of departure or variance." Thomas simply advances a general averment (failure to move for a downward departure or for a variance) in support of Thomas' ineffective assistance of counsel claim. Thomas does not specify what legal basis, facts or circumstances existed to justify filing a motion for a downward departure or downward variance. The PSR demonstrates that Thomas was not a candidate for either a downward departure or variance. (PSR, ¶¶ 163-164). The failure to provide facts to support his allegation is sufficient reason alone for the Court to reject it. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978) (Allegation of ineffective assistance of trial counsel was conclusory and thus was properly summarily denied by district court in post-conviction relief proceeding.); *see also Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are insufficient to state a ground for relief under § 2255). The claim lacks substance for the United States to evaluate.

Finally, the Eighth Circuit has determined that claims argued with no specificity are waived. *Malone v. Vasquez*, 138 F.3d 711, 720 (8th Cir. 1998) (*citing Sweet v. Delo*, 125 F.3d 1144, 1148 (8th Cir. 1997)). Therefore, because the claim, as presented, fails to give sufficient notice to the United States and to the Court as to how Thomas believes counsel performed ineffectively and why he is entitled to relief, Thomas' ineffective assistance claim must fail.

Thomas ignores the fact that trial counsel requested a downward variance. In his sentencing memorandum, trial counsel stated, "[i]n the event that the Court overrules Mr. Thomas's objections to the PSR, he believes a downward variance from the advisory Guideline range is warranted in his case." (Doc. 23, p. 10). In support of that request, trial counsel painstakingly argued that child pornography guidelines are greater than necessary to achieve their aims, are unsupported by empirical research, and counsel cited to district courts within the Eighth Circuit who have agreed with that premise. (*Id*. at 10-16). Trial counsel then requested a sentence within the range of 121-151 months to comply with the sentencing goals of 18 U.S.C. § 3553(a). (*Id*. at 17). The Court overruled Thomas objections at sentencing and found that the appropriate advisory guideline range was 360 to 480 months' imprisonment. Still, trial counsel argued for a term of imprisonment of 10 years. (Sentencing Transcript, p. 209). A 10-year sentence of imprisonment requested by trial counsel was a massive downward variance from the established advisory guideline range. Trial counsel cited evidence that justified leniency during counsel's sentencing argument before the Court.

Trial counsel renewed arguments made in Thomas' sentencing memorandum regarding a downward variance. Trial counsel reiterated objections to the operation of child pornography guidelines by stating, "all the arguments in our sentencing memorandum document 23 where we talk about how the child pornography guidelines has not gone through the empirical studies and analysis that the other guidelines have and that many of the courts have realized that the guideline ranges are simply way too high." (*Id*. at 219). Trial counsel then urged the Court to vary downward by arguing, "[s]o, I ask the Court to think about that [Haidy Branson's 21 year sentence]

too in fashioning Mr. Thomas' sentence. Will a 10-year sentence – will that promote respect for the law? Absolutely." (*Id*. at 220). Arguing further, he stated that a 30 to 40 year sentence was too high but, "I believe a 10-year sentence is sufficient, but is not greater than necessary to promote respect for the law." (*Id*. at 221). While trial counsel did not utter the magic words "downward variance" in his sentencing argument, there is no requirement to do so. Trial counsel strongly advocated for a sentence that would have represented a downward variance from the advisory guideline range and accomplished this by attacking the guidelines as overstating the criminal offense, parsing the Government's evidence, and applying the § 3553(a) factors to the circumstances of this case in support of his request for a sentence that, if granted, would have required the Court to vary downward from the advisory guidelines. As such, Thomas' allegation here is without merit and should be dismissed.

### G. Thomas' Claim Regarding The Failure To Present Favorable Witness Testimony At Sentencing Is Vague, Conclusory And Speculative

Appointed counsel further argues Thomas' trial counsel performed ineffectively by failing to present favorable witnesses at sentencing. However, the fact that trial counsel did not call favorable witnesses during sentencing cannot, standing alone, demonstrate deficient performance. Thomas still must "overcome a strong presumption that his counsel's actions constituted reasonable trial strategy." *Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). The decision not to call a witness is a "virtually unchallengeable" decision of trial strategy. *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005). As a result, counsel's decision does not fall outside this wide perimeter of protection.

Thomas' allegation is vague and conclusory. He fails to specify who and what these unknown favorable witnesses would have stated if called to testify. His bare assertions fail to establish these witnesses would have given evidence relevant to any single factor related to his sentencing. Additionally, if these unknown witnesses had been called, they would have been subjected to cross-examination about their awareness of specific instances of Thomas' depraved conduct, potentially damaging trial counsel's efforts to obtain a downward variance based upon parsing the Government's evidence and attacking the merit of the guideline underpinning his advisory guideline range. Fed. R. Evid. 404(a). In any event, Thomas' argument fails because the testimony of character witnesses would not have impacted the balance of mitigating and aggravating evidence. Thomas' violent behavior towards minors was established through testimony, impact statements, and documentary evidence. As Government counsel summed up when arguing, the record had already included, "anal rape, cutting…torture, child pornographic images getting exchanged, the incest." (Sentencing Transcript, p. 230).

Consequently, Thomas' ineffective assistance of counsel claim regarding the calling of favorable witnesses at sentencing is untenable as he fails to provide the Court any basis for which it can even contemplate granting relief. *See Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001) (Section 2255 petition, which failed to identify witnesses not called, "simply insufficient."). Thomas has failed to show a reasonable probability that the Court would have imposed a shorter sentence had trial counsel called favorable witnesses at sentencing.

## H.  Claim That Appellate Counsel Provided Ineffective Assistance Is Without Merit

Thomas' counseled motion argues that Thomas' appellate counsel provided ineffective assistance by failing to argue that trial counsel provided ineffective assistance by not presenting favorable witnesses at sentencing.   As discussed below, this argument is without merit.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, including effective assistance on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *Strickland*, 466 U.S. at 687.   Claims of ineffective assistance of appellate counsel are generally assessed under the same two-part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel.  *Roe v. Flores–Ortega*, 528 U.S. 470, 476–87 (2000). The deficient performance standard is rigorous.   On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail.  *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir. 1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir. 1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'").   "It is the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . .  appeals."  *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir. 1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to

raise every conceivable issue on appeal.").   Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy."   *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (quotation omitted).

The prejudice standard is equally rigorous.   Thomas must show that "the result of the proceeding would have been different" had appellate counsel raised the issues on direct appeal. *Becht*, 403 F.3d at 546.   Furthermore, a court need not determine the objective reasonableness of appellate counsel's conduct before examining the prejudice suffered by the petitioner as a result of counsel's alleged failures.   *Strickland*, 466 U.S. at 697.   "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."   *Id.*

Thomas' appellate counsel acted reasonably by not raising ineffective assistance of counsel claims in a direct appeal.   As this Court has recognized, "[t]he Eighth Circuit considers ineffective-assistance claims to be 'best litigated' in § 2255 proceedings."   *United States v. De Oliveira*, No. 5:09–CR–50035, 2014 WL 2873888, at *5 (W.D.Ark. Jun. 24, 2014) (*citing United States v. Davis*, 583 F.3d 1081, 1091 (8th Cir. 2009), cert. denied, 559 U.S. 958, 130 S.Ct. 1555, 176 L.Ed.2d 143 (2010)).   "In fact, [the Eighth Circuit] often refuse[s] to address such claims if they are raised, directing appellants to raise the issue in a postconviction proceeding."   *United States v. Davis*, 406 F.3d 505, 510 (8th Cir. 2005).   In this case, Thomas is unable to show prejudice, as he has not shown that the Eighth Circuit would have addressed any ineffective assistance of counsel claim on direct appeal wherein the appropriate avenue to bring an ineffective assistance of counsel claim is in the context of this proceeding, which Thomas has done.

However, for reasons already stated, his claim of ineffective assistance of counsel for failing to call favorable witnesses is without merit.

## I.    The Eighth Circuit Does Not Recognize Claims Based On Cumulative Error

Thomas' counseled motion raises a cumulative error claim by stating, "[e]ach error discussed individually above, when considered cumulatively, requires the vacating of Mr. Thomas' sentence." (Doc. 73, p. 6). The Eighth Circuit does not recognize a claim of "cumulative error." *Pryor v. Norris*, 103 F.3d 710, 714 n.6 (8th Cir. 1997); *United States v. Stewart*, 20 F.3d 911, 917 18 (8th Cir. 1994). The Eighth Circuit has repeatedly recognized "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (*quoting Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002)); *see United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (The Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief."). Each claim must be examined independently rather than collectively, as each claim must rise or fall on its own merits. *See Hall v. Luebbers*, 296 F.3d 685, 692-93 (8th Cir. 2002) (*citing Wainwright v. Lockheart*, 80 F.3d 1226, 1233 (8th Cir. 1996)); *see also Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990). Cumulative error will not justify habeas relief. *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). Thomas' cumulative error claim must be denied.

## III.   No Evidentiary Hearing Is Required and No Certificate of Appealability Should Issue

Title 28, U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively

> show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255(b).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . .

The Eighth Circuit Court of Appeals has explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir.2013)]. "The district court is not permitted to make a credibility determination on the affidavits alone." *Id*. at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (*citing Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), *in turn quoting Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). On the other hand,

> [The district court] may ... deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." [*Thomas*, 737 F.3d]

at 1206–07 (alterations in original) (*quoting Buster v. United States,*
447 F.3d 1130, 1132 (8ᵗʰ Cir. 2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8ᵗʰ Cir. 2014)

(*citing* 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098,

1103 (8ᵗʰ Cir. 2013).   The district court's denial of an evidentiary hearing is reviewed for abuse of

discretion.   *Sellner*, 773 F.3d at 929; *see also United States v. Frausto*, 754 F.3d 640, 642 (8ᵗʰ Cir.

2014) (explaining that, to determine whether the district court abused its discretion in denying an

evidentiary hearing, the court must review *de novo* the validity of a petitioner's § 2255 claims).

Here, an evidentiary hearing is both unwarranted and unnecessary as the issues raised by

Thomas in his § 2255 Motion and Amended § 2255 Motion are resolvable by reviewing the record.

After reviewing Thomas' claims against the record and applicable law, this Court can conclusively

determine from the motions and entire record that Thomas' contentions are contrary to law,

without merit, and do not entitle him to relief.   Thus, an evidentiary hearing is unnecessary.

*Blankenship v. United States*, 159 F.3d 336, 337 (8ᵗʰ Cir. 1998).

When a district court has denied a motion under 28 U.S.C. § 2255, the movant may not

appeal without a certificate of appealability.   Such a certificate may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

A "substantial showing" under this section is a showing that "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).   In other words, a "substantial showing" is made if "a court could

resolve the issues differently, or the issues deserve further proceedings."   *Cox v. Norris*, 133 F.3d

565, 569 (8ᵗʰ Cir. 1997).   As demonstrated here, Thomas has not made a substantial showing of

the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

## *CONCLUSION*

Based on the foregoing arguments and authority, the United States respectfully requests that Thomas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and his Amended § 2255 Motion be **DENIED** and requests the Court deny any motion by Thomas for a certificate of appealability for his failure to make a substantial showing that he was denied a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Respectfully submitted,

David Clay Fowlkes
Acting United States Attorney

By:      /s/ *Kyra E. Jenner*
　　　　Kyra E. Jenner
　　　　Assistant U.S. Attorney
　　　　Arkansas Bar No. 2000041
　　　　414 Parker Avenue
　　　　Fort Smith, AR 72901
　　　　Telephone: (479) 783-5125
　　　　Email: Kyra.Jenner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to Cory J. Floyd, attorney for defendant.

/s/ *Kyra E. Jenner*
Kyra E. Jenner
Assistant U.S. Attorney